UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DION BENAVENTE,

      Plaintiff,

v.                                     Case No.:

LIFE SURGE LLC,

      Defendant.

_____/

## COMPLAINT FOR OVERTIME WAGES PURSUANT TO THE FAIR LABOR STANDARDS ACT (FLSA)

Plaintiff, DION BENAVENTE, herein sues Defendant, LIFE SURGE LLC, ("LIFE SURGE" or "Defendant"), pursuant to 29 U.S.C. § 216(b) of the Fair Labor Standards Act (the "FLSA"), for failure to pay overtime premiums and willful misclassification in violation of section 207a, and states as follows:

## RECITATION OF FACTS

1.    Plaintiff performed work for Defendant, under Defendant's strict control and direction, but was willfully misclassified as an independent contractor.

2.    Defendant engaged in a willful scheme to avoid its overtime pay obligations under the FLSA to Plaintiff, as well as numerous other persons in the same position and in other positions under the Defendant's strict direction and control for one reason: to save millions of dollars in labor costs and increase its

profits.

3.      A secondary reason for Defendant misclassifying many of its workers and class of workers as independent contractors is so that it does not have to provide them benefits, such as health insurance, disability insurance, retirement accounts, workers compensation coverage, paid vacations or PTO, and other perks and benefits which employees would be entitled to receive.

4.      Plaintiff worked for Defendant as an AV Tech from April 2025 until August 11, 2025, when Defendant terminated Plaintiff.

5.      Plaintiff's primary job duties were to travel to Defendant's live events, retrieve Defendant's AV equipment from Defendant's storage locations, set up and operate the AV equipment at Defendant's live events, and then disconnect and return the AV equipment storage locations.

6.      Plaintiff performed the same general job duties and responsibilities as other AV Techs, including Cameron Goeller, who has a pending identical case in this Court styled: *Cameron Goeller v. Life Surge LLC*, case no.: 8:26-cv-00732-MSS-AAS, MDFL.

7.      In 2026, Defendant reclassified the AV Tech position to a W-2 employee position, but of course, never offered to pay all the AV Techs the overtime wages they should have been paid all along.

8.      Defendant did not compensate Plaintiff on a salary basis.

9.     Defendant compensated Plaintiff entirely on a flat rate or flat fee basis, rates of which were set by the Defendant and presented to the Plaintiff as a take or leave it basis, which was non-negotiable.

10.     To avoid its overtime pay obligations under the FLSA, Defendant willfully misclassified Plaintiff, as well as all other AV Techs, as independent contractors.

11.     As a result of this misclassification, Defendant did not compensate Plaintiff for hours worked over 40 in any work week.

12.     Plaintiff did not perform work that meets the definition of any exemption under the FLSA, and he was not paid on a salary basis.

13.     At all times, Defendant directed and controlled Plaintiff's work including but not limited to: a) dictating and setting his non-negotiable compensation, b) creating rules, procedures, and dictated all manners and methods of how the work was to be performed, c) set his work schedules and commanded the places to perform work at and assigned him out of state events which were not within his discretion to reject, d) precluded Plaintiff from delegating work to other persons or his own sub-contractors or employees, and e) and reviewed, assessed, and monitored his work performance and attendance.

14.     Defendant's blanket misclassification of all AV Techs and Senior AV Techs as independent contractors constitutes a common policy and practice

applicable to Plaintiff and part of its scheme to violate the FLSA.

15.     Defendant has a history of misclassifying its employees as independent contractors under various other positions, including the Sales Advisors who, like AV Techs, are assigned and sent to live events. See *Dessauer and Cummins v. Life Surge, LLC*, Case No. 8:26-cv-00133-JLB-CPT, MDFL.

## **JURISDICTION AND VENUE**

16.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because this action involves a federal question pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216 (b).

17.     This Court is empowered to issue a declaratory judgment under 28 U.S.C.§§ 2201 and 2202.

18.     This Court has personal jurisdiction over the Defendant as it transacts business in this District and as Defendant's principal place of business is in this District, specifically, Manatee County, Florida.

19.     Venue is proper to this Court pursuant to 28 U.S.C. § 1391(b) because the substantial part of the events or omissions giving rise to this action occurred within this District.

20.     The overtime wage provisions set forth in FLSA § 207 apply to Defendant, as Defendant was an employer engaged in interstate commerce under the definition of the FLSA. At all relevant times, Defendant engaged in interstate

commerce and/or in the production of goods for commerce within the meaning of FLSA § 203 as a common business enterprise. Additionally, Defendant earned more than $500,000 in revenue during the previous three years as well.

## PARTIES

**Plaintiff:**

21.    Plaintiff, Dion Benavente, is a resident of Nashville, Tennessee and was contracted as an independent contractor with Defendant and from its corporate office in Palmetto, Manatee County, Florida.

22.    Plaintiff worked at Defendant's live events that occurred in numerous different states.

23.    Plaintiff was compensated by Defendant on a flat rate basis.

24.    At all times relevant to this action, Plaintiff was an employee of Defendant, whose work and all the terms and conditions of the work were fully directed and controlled by Defendant.

25.    Throughout the period Plaintiff performed work for Defendant, he routinely worked in excess of 40 hours per week; each event mandated and required Plaintiff to work more than 40 hours.

26.    Despite the economic reality of the relationship, Defendant willfully failed to pay Plaintiff overtime compensation for hours worked in excess of forty (40) hours per week, in violation of 29 U.S.C. § 207(a)(1).

27.     Defendant did not track or record the Plaintiff's work hours.

**Defendant:**

28.     Defendant, Life Surge LLC, is a foreign limited liability company with a principal office located at 2511 Corporate Way, Palmetto, FL 34221. Defendant may be served through its designated registered agent, Registered Agents Inc. located at 7901 4th Street N, Suite 300, St. Petersburg, FL 33702.

29.     According to their website, Defendant Life Surge "inspires, trains, and equips believers to steward their resources and influence for Kingdom impact. Through live one-day events, 3-day Impact Classes, and the ongoing SurgeU education platform, Life Surge brings together biblical teaching, practical financial education, and marketplace leadership in a structured environment." https://lifesurge.com/faqs/ (accessed July 17, 2026).

30.     Defendant is currently offering its live events in the period of July through November 2026 in the following states: Ohio, Maryland, Pennsylvania, New York, Colorado, California, Oregon, North Carolina, Connecticut, Arizona, and Florida. https://lifesurge.com/events/  (accessed July 17, 2026).

31.     Upon information and belief, while Plaintiff was employed, Defendant had 100 or more persons performing work for it across the United States and of which the great majority were classified and treated by Defendant as independent contractors.

32. At all times material hereto, Defendant was an "employer" who "employed" Plaintiff within the meaning of the FLSA.

33. Plaintiff was engaged in interstate commerce and Defendant had revenues of greater than $500,000 over the 3-year period of 2022 to 2025 while also employing greater than 4 employees.

## STATEMENT OF GENERAL FACTS

34. Plaintiff worked for Defendant as an AV Tech from April 2025 until August 2025; he was classified by Defendant as an independent contractor and presented an independent contractor agreement and other Defendant-created forms to sign, which were presented to Plaintiff on a "take it or leave it" non-negotiable basis.

35. Plaintiff was not offered any choice to work for Defendant as an employee.

36. Plaintiff attended Defendant's live events and provided audio visual technician services under the direction, control, and command of Defendant.

37. Plaintiff regularly worked in excess of forty (40) hours within a work week without payment of any overtime compensation (premiums) for these hours which exceed 40 in the respective workweek.

38. Defendant contractually agreed to pay Plaintiff solely on a flat rate basis.

39.     Plaintiff was hired on a take it or leave it, non-negotiable independent contractor relationship arrangement and made clear to him that he was to perform the work and without discretion to assign or delegate work to other persons, employees, or subcontractors.

40.     Defendant put Plaintiff through a strict training regimen and program, along with other newly hired AV techs.

41.     Defendant never offered Plaintiff the opportunity to be an employee and never required Plaintiff to have his own corporation or company; all compensation was paid directly to Plaintiff and attributed to his personal social security number.

42.     Defendant knew or should have known that Plaintiff should have been classified as an employee, not an independent contractor, according to the following facts:

    a.  Defendant dictated where Plaintiff would provide his audio-visual services;

    b.  Defendant dictated when Plaintiff would provide his audio-visual services;

    c.  Defendant provided Plaintiff with the audio-visual equipment Plaintiff was to use at Defendant's live events;

    d.  Plaintiff had his work performance closely monitored, controlled,

and supervised by Defendant;

e.  Defendant prohibited Plaintiff from contracting to do business with any of Defendant's clients;

f.  Defendant paid for the traveling and lodging expenses incurred by Plaintiff;

g.  Defendant provided all the marketing, promotional, and advertising efforts used to promote attendance at Defendant's live events;

h.  Defendant required Plaintiff to attend Defendant's mandatory trainings;

i.  Defendant required Plaintiff to attend Defendant's team meetings;

j.  Defendant dictated what Plaintiff was allowed to wear at Defendant's live events;

k.  Defendant dictated when Plaintiff was allowed to leave Defendant's live events;

l.  The independent contractor agreement provided to Plaintiff is not for a finite or defined period of time;

m. Plaintiff was required to request time off from work in advance from Defendant;

n.  Plaintiff could not delegate work to other persons or their own contractors or employees without the express written consent of

Defendant; and

o. Plaintiff was provided a "take it or leave it" independent contractor agreement, the terms of which were non-negotiable.

43. Plaintiff was not paid on a salary basis and thus fails the elements of the administrative and executive exemptions.

44. Plaintiff was not exempt from overtime under any white-collar exemptions to the FLSA.

45. Plaintiff should have been compensated for those hours worked in excess of forty (40) hours per week, as required by the FLSA.

46. From the commencement of Plaintiff's tenure, Defendant failed to pay Plaintiff overtime premiums for hours worked over 40 in any workweeks as mandated under the FLSA.

47. Defendant has known that Plaintiff performed overtime work without proper compensation and Defendant chose to deny him overtime compensation for performing this work in willful disregard of his rights under the FLSA.

## COUNT I
## FAILURE TO PAY OVERTIME COMPENSATION IN VIOLATION OF SECTION 207(a) OF THE FAIR LABOR STANDARDS ACT

48. Plaintiff re-alleges and incorporates by reference the preceding paragraphs as if fully stated herein.

49. Plaintiff was hired by Defendant under the label of an independent

contractor to provide AV tech services on a national basis and as part of Defendant's enterprise offering live events on a national basis.

50.   Plaintiff worked on a flat rate only basis on behalf of the Defendant and routinely worked in excess of 40 hours per workweek throughout the term of his relationship with Defendant.

51.   Despite the label of independent contractor, Plaintiff, in reality, was an employee of the Defendant in that he was economically dependent on Defendant for work and Defendant controlled all aspects of the job including how the work was to be performed.

52.   Plaintiff could not set his own work schedules, come and go as he pleased in regard to the work schedules, and any time off from work required approval by Defendant.

53.   Taking all the facts involved as stated above, Plaintiff's work fails to meet the definition of an independent contractor under the FLSA, nor under the IRS regulations.

54.   Plaintiff was required to work more than 40 hours a work week throughout the term of his work for Defendant, and likewise, Defendant knew Plaintiff was working more than 40 hours during the workweeks.

55.   Defendant knew that the AV Tech position required them to work more than 40 hours in order to complete all job duties and requirements of the job

assigned by Defendant.

56.    Defendant, as an employer under the FLSA, had a legal obligation to pay Plaintiff a premium for all hours worked over 40 hours in each and every given workweek, but willfully chose not to under a grand scheme to evade the FLSA obligations and increase profits.

57.    Defendant did not compensate Plaintiff for any hours worked in excess of forty (40) per week as required by §207 of the FLSA.

58.    Plaintiff was a victim of a common scheme and plan by Defendant to willfully deny him and all other AV Techs overtime compensation as mandated and required by the FLSA.

59.    Failure to comply with the recordkeeping requirements is a violation of the FLSA for which criminal or civil sanctions may be imposed, whether or not other statutory violations exist. See, 29 U.S.C. §215(a)(5); See also *Dunlop v. Gray-Goto, Inc.*, 528 F.2d 792 (10th Cir. 1976).

60.    Accurate records are not only required for regulatory purposes, they are critical to an employer's defense of claims that it violated the FLSA. An employer that fails to maintain the required records cannot avoid liability in a wage-hour case through argument that there is insufficient evidence of the claimed hours worked. See *Wirtz v. First State Abstract Ins. Co.*, 362 F.2d 83 (8th Cir. 1966); *Boekemeier v. Fourth Universalist Soc'y,* 86 F. Supp. 2d 280 (S.D.N.Y. 2000).

61.     An employer's failure to maintain records may create a presumption in the aggrieved employee's favor. See *Myers v. The Copper Cellar Corp.*, 192 F.3d 546, 551 n.9 (7th Cir. 1999), citing *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680 (1946).

62.     Defendants have failed to accurately record, track, and report the Plaintiff's work hours, and for all others similarly situated as required under the FLSA and its regulations.

63.     Defendant failed to make, keep, and preserve records, with respect to each of its employees records sufficient to determine the wages, hours, and other conditions and practices of employment in violation of 29 CFR §516.2 and 29 U.S.C. §§211, 216 and related laws.

64.     Defendant has violated the record keeping requirements of the FLSA as set forth in 29 CFR part 516 as Defendant did not clock, track, or record Plaintiff's work hours.

65.     Defendant's failure to pay Plaintiff in accordance with §207 of the FLSA, was and is a willful disregard of the overtime wage compensation requirements of the FLSA.

66.     Plaintiff suffered economic damages because of Defendant's failure to pay him his rightful and lawfully required overtime compensation.

67.     Plaintiff seeks recovery of all the unpaid overtime compensation in an

amount to be determined at trial, as well as an equal amount of liquidated damages, plus interest, and attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff demands judgment against Defendant and prays this Court grant the following relief:

a. That the Court find and declare Defendant's actions a violation of the overtime compensation provisions of the FLSA;

b. That the Court find and declare Defendant's violations of the FLSA were and are willful;

c. That the Court award to Plaintiff overtime compensation at a rate of one and one-half times the regular rate of pay, or, his overtime premiums, including the value of all compensation earned, for previous hours worked in excess of forty (40) for any given week during the past three years AND liquidated damages of an equal amount of the overtime compensation, in addition to penalties and interest on said award pursuant to FLSA § 216 and all other related economic losses;

d. That the Court award Plaintiff recovery of his reasonable attorneys' fees and costs and expenses of litigation pursuant to FLSA § 216;

e. That the Court issue an order of judgment under 29 U.S.C. § 216 and 217, 28 U.S.C. §§ 2201 and 2202 finding that the Defendant unlawfully

and willfully violated the FLSA by failing to pay overtime wages and willfully failed to properly and accurately record all hours worked by Plaintiff; and

f.    That the Court award any other legal and equitable relief as this Court may deem appropriate, including the value of underpaid matching funds in company pension or 401(k) plans.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury.

Dated: July 17, 2026.

*/s/ Mitchell L. Feldman, Esq.*
Mitchell L. Feldman, Esq.
Florida Bar No.: 0080349
Feldman Legal Group
12610 Race Track Road, Ste. 225
Tampa, FL 33626
Telephone: (813) 639-9366
Fax: (813) 639-9376
mfeldman@flandgatrialattorneys.com
*Lead Attorney for Plaintiff*
